UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WIENER, WEISS & MADISON, A PROFESSIONAL CORPORATION, ET AL. | CIVIL ACTION NO. 16-0850 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LESLIE B. FOX | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Perez-Montes. See Record Document 277. In the R&R, Magistrate Judge Perez-Montes recommends denial of the Motion to Strike Jury Demand (Record Document 265) filed by Plaintiffs Wiener, Weiss & Madison, A Professional Law Corporation, and Kantrow, Spaht, Weaver & Blitzer (A Professional Law Corporation) (collectively "the Firms"). See id. Magistrate Judge Perez-Montes held that the Firms' remaining claim is, or must be construed as, a primary claim seeking relief independently from any other claim. He believed the relief sought by the Firms was more akin to unjust enrichment under Louisiana Civil Code Article 2298, and the relief sought could implicate more than attorney's fees alone. Thus, Fox was entitled to a jury trial.

The Firms filed objections to the R&R and Defendant Leslie B. Fox "(Fox") responded. See Record Documents 278 & 280. In their objections, the Firms argue that regardless of whether their claim is characterized as primary, a claim for unjust enrichment, or even something sui generis, i.e., of its own kind, "it has been the law in Louisiana, that, when a fee arrangement is found to be unenforceable, an attorney is

entitled to recover against his client on the basis of quantum meruit, with the court applying the factors set forth in Rule 1.5(a) to fix a reasonable fee." Record Document 278-2 at 8-9.

The Firms also requested a status/scheduling conference for the purpose of setting a trial date. See Record Document 279. Fox responded and requested deadlines to amend pleadings; conduct additional, limited discovery; designate experts; challenge expert designations; update pretrial materials; and file motions in limine. See Record Document 281. The Firms replied, arguing there is no need for a new, abbreviated scheduling order because prior to the appeal, the parties were prepared to go to trial on both the Firms' specific performance and alternative quantum meruit claims. See Record Document 282.

The facts and procedural posture of this case are well known to all involved. In December 2020, the Fifth Circuit held this Court misapplied Louisiana Rule of Professional Conduct 1.8(a), vacated the final judgment, granted partial summary judgment in favor of Fox, and remanded to the district court for consideration of the Firms' alternative quantum meruit claim. See Record Document 254. In reviewing the instant R&R, this Court is tasked with making an independent review of the record, including the written objections and responses filed. After such review, the undersigned believes the Motion to Strike Jury Demand should be granted in light of longstanding, well settled Louisiana law regarding an attorney's claim for a reasonable fee. In the R&R, Magistrate Judge Perez-Montes relies heavily upon Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, et al., 538 So.2d 569 (La. 1989), Baker v. Maclay Properties Co., 94-1529 (La. 1/17/95), 648 So.2d 888, and General Accident Insurance Co. of America v. Aggreko,

LLC, No. 11-CV-1682, 2012 WL 6738217, at *3 (W.D. La. Dec. 28, 2012), to support his conclusion that the Firms' remaining claim was a primary one for unjust enrichment. See Record Document 277 at 7-13. Yet, none of these cases involve a claim by an attorney against a client for a reasonable fee. Thus, the cases are distinguishable from the instant matter and this Court believes the longstanding cases recognizing an attorney's claim for a reasonable fee under the specialized factors set forth in Rule 1.5(a) are controlling. See Record Document 278-2 at 9-12 (collection of Louisiana Supreme Court, Louisiana appellate courts, and federal Fifth Circuit cases recognizing that if a fee agreement is found to be unenforceable, then an attorney has a claim against his client on the basis of quantum meruit and court is to apply the Rule 1.5(a) factors to fix a reasonable fee). Moreover, this Court believes fixing a reasonable fee is equitable in nature and is a matter reserved to the Court. See Ginberg v. Tauber, 678 A.2d 543, 545 (D.C. 1996); Revson v. Cinque & Cinque, P.C., No. 97 CIV. 9236 (DC), 2001 WL 62866, at *2 (S.D.N.Y. Jan. 24, 2001).

Accordingly, the Court declines to adopt the Report and Recommendation (Record Document 277). The Firms' Motion to Strike Jury Demand (Record Document 265) is instead **GRANTED**. The Firms' Motion to Request Status/Scheduling Conference and to Set Trial Date (Record Document 279) is likewise **GRANTED** and a telephone status conference is set for **June 28, 2022** at **10:30 a.m.** Call in information for the telephone status conference will be circulated to the attorneys via email.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2022.

                                                      S. MAURICE HICKS, JR., CHIEF JUDGE
                                                         UNITED STATES DISTRICT COURT